UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4656

JAMES T. FRENCH, SR., a/k/a Jimmy
R. French,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-C-95-64)

Submitted: February 28, 1997

Decided: March 19, 1997

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan S. Shachter, Manassas, Virginia; David H. Nelson, Charlottes-
ville, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Ray B. Fitzgerald Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant James T. French Sr. ("French") appeals his jury conviction and resulting 300-month sentence for conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). He asserts that the evidence is insufficient to support his conviction; that the court improperly calculated the quantity of drugs attributable to him at sentencing; that the court erred in assigning him an upward adjustment for a leadership role in the offense; and that the court erred in assigning him an upward adjustment for threatening a witness. Finding no error, we affirm.

French's son ("French Jr.") pled guilty to conspiracy. French's indictment alleged that the two Frenches obtained large quantities of crack cocaine for distribution in Culpepper County, Virginia and sold the drugs to retail purchasers with the assistance of Lemuel Mosley, Kimberly Newsome, and Rodney Newsome. French first asserts on appeal that the Government failed to establish beyond a reasonable doubt that "he and his son were involved in a drug conspiracy as charged in the indictment." He alleges that there was no evidence presented at trial that established a conspiracy between him and his son or among any other participants. At best, French argues, the Government's case only "showed that French engaged in a handful of isolated drug sales." We disagree.

We must sustain a jury verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from facts proven to facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Construing the evidence--including testimony from two of the three conspirators named in the indictment--in the

2

light most favorable to the Government, we find there is substantial evidence to support the jury's verdict. Various trial witnesses testified that they purchased cocaine from French, that French was a source of cocaine for other dealers, and that French at times"fronted" cocaine to dealers and awaited its sale for payment. Construing this evidence in the light most favorable to the Government, we find it sufficient to support the jury's verdict.

Next, French asserts that the court erred in determining that he was responsible for 162.39 grams of crack cocaine for sentencing purposes. This court reviews such factual determinations for clear error, United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996), and accords substantial deference to the district court's factual determinations underlying its imposition of sentence. United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992). Because drug quantity need only be proved by a preponderance of the evidence, United States v. Williams, 986 F.2d 86, 90 (4th Cir. 1993), we will not disturb the court's decisions as to quantity unless they are clearly erroneous. Brooks, 957 F.2d at 1148. We find no clear error here. The sentencing court fully considered French's objections to the findings concerning quantity contained in his presentence report, which the court adopted. We agree with the sentencing court that those findings comported with the evidence presented at trial and that, on the whole, the findings as to quantity were in fact conservative.

French asserts that the court clearly erred in assigning him a two-point upward adjustment for a leadership role in the offense. Under USSG § 3B1.1(c),* an offense level may be increased two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity [not described in earlier sections]." We review such a determination for clear error. United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992). Testimony of a credible government witness is sufficient. United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8395).

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

The court noted that two witnesses testified that French "fronted" them cocaine with instructions to sell it and then bring money back to him. The court found this evidence indicated that French was directing activities of at least two conspirators. The court's recollection of this testimony alone is sufficient to support the upward adjustment. Therefore, we find no clear error.

Finally, French asserts that the court erred in increasing his base offense level two levels for intimidating a witness. If a defendant "willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice" during investigation, prosecution or sentencing, the sentencing court may increase the offense level by two levels. USSG § 3C1.1. This provision covers conduct that includes "threatening, intimidating, or otherwise unlawfully influencing a . . . witness . . . directly or indirectly, or attempting to do so." USSG § 3C1.1, comment. (n.3(a)). A defendant must either threaten the witness in her presence or issue the threat in circumstances in which there is some likelihood that the witness will learn of the threat. Brooks, 957 F.2d at 1149-50.

French does not dispute that he approached the mother of a witness prior to trial while he was on pre-trial release and stated, "Why are you going to testify against me? You do not know who you are [messing] with." (expletive deleted). French asserts that the increase was improper because there was no evidence that the threat was conveyed to the witness who testified. We find this argument meritless. First, French apparently believed that the witness's mother was going to testify at the time he made the threat. Second, even if that were not the case, the threat was conveyed in circumstances in which it was likely that the recipient's daughter, who did testify against French, would learn of the threat. Therefore--at a minimum--French's conduct was an attempt to indirectly influence a witness, which is clearly covered by § 3C1.1. Therefore, this increase in offense level was proper.

For these reasons, we affirm French's conviction and sentence. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4